FRAIGUN LAW GROUP
MARINA KATS FRAIGUN, SBN 192563
15250 Ventura Boulevard
Penthouse 1220
Sherman Oaks, CA 91403
E-Mail: mfraigun@fraigunlaw.com
Telephone: (818) 981-1800
Facsimile: (818) 981-1484

Attorneys for Plaintiff
DYANNA GREEN


MORGAN, LEWIS & BOCKIUS LLP
Barbara A. Fitzgerald, Bar No. 151038
barbara.fitzgerald@morganlewis.com
Tuyet T. Nguyen Lu, Bar No. 256431
tuyet.nguyen@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501

Attorneys for Defendant
AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYANNA GREEN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>AMAZON.COM SERVICES LLC, a California foreign limited liability company; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. 2:23-cv-02221-RGK-MAA<br><br>*Complaint filed February 14, 2023*<br><br>**JOINT REPORT PURSUANT TO RULE 26(f)**<br><br>**<u>Scheduling Conference</u>**<br>Date:　　May 1, 2023<br>Time:　　9:00 a.m. |

　　　　Plaintiff DYANNA GREEN ("Plaintiff") and Defendant AMAZON.COM SERVICES LLC ("AMAZON" or "Defendant") (collectively "the parties"), by and through their undersigned counsel, having conducted an Early Meeting of Counsel

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

JOINT REPORT
CASE NO. 2:23-CV-02221-RGK-MAA

as required by Federal Rule of Civil Procedure 26(f) (hereinafter "Rule 26(f)") on April 17, 2023, do hereby submit the following Joint Report pursuant to FRCP Rule 26(f) and Local Rule 26-1:

## I. STATEMENT OF THE CASE

### A. Plaintiff's Statement

Plaintiff was employed by Defendant as a Prime Now Associate at the AMAZON Fulfillment Center Warehouse in the City of Maywood between November 2021 and her Constructive Termination on January 5, 2023. Plaintiffs job consisted of preparing customer orders for delivery. As such, Plaintiff was placed in various areas of the warehouse, including refrigerated areas.

From the beginning of her employment, when Plaintiff worked in refrigerated areas her hands became swollen, white, and painful. She experienced tingling throughout her arms. Plaintiff sought medical attention in April 2022, and was diagnosed with Raynaud's Disease. Plaintiff obtained a medical note setting forth her diagnoses and stating: "*Please exempt from working in refrigerated area.*"

As instructed, on April 14 Plaintiff submitted the medical note via the AMAZON accommodations team online portal. Although Plaintiff could work in non-refrigerated areas of the warehouse, she was immediately put on involuntary medical leave. She did not request nor want this medical leave.

Plaintiff was cleared to return to work on June 18, 2022, provided she could avoid cold environments. On May 26, 2022, AMAZON's Accommodation Consultant denied Plaintiffs medical exemption request, claiming that "*. . . there is no way to ensure that [Plaintiff] wouldn't be directed to the freezer via the system and freezer represents a high % of our daily volume.*"

Defendant refused to accommodate Plaintiffs medical condition, and failed to engage in the interactive process, forcing her to take an unpaid medical leave she did not want or need. Because Defendant refused to reasonably accommodate Plaintiffs restrictions, Plaintiff was required to retain an attorney.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

JOINT REPORT
CASE NO. 2:23-CV-02221-RGK-MAA

After Plaintiffs attorney contacted Defendant, AMAZON finally accommodated Plaintiffs medical restriction. However, Defendant did not provide Plaintiff with the available shifts that she had before she requested reasonable accommodation, did not pay Plaintiff for the time that she had missed, and did not pay Plaintiff's attorneys' fees.

Because of the reduction in shifts, Plaintiff was earning significantly less than before her request for reasonable accommodations, and was forced to resign her employment on or about January 5, 2023 (the "Termination").

### B. Defendant's Statement

Defendant denies Plaintiff's allegations and states that that every action it took with respect to Plaintiff's employment was based on legitimate, nondiscriminatory, non-retaliatory reasons, and not because of her alleged disability. Defendant further asserts that it did not fail to accommodate any alleged disability of Plaintiff.

Defendant employed Plaintiff at its Amazon Fresh Fulfillment Center in Vernon California, where she worked approximately 19 hours a week as a Regular Adjustable Hours Grocery Associate. In mid-April 2022, Plaintiff informed Defendant that she had Raynaud's syndrome. Defendant placed Plaintiff on leave and provided her with medical documentation for her health care provider to complete in connection with her request for accommodation. Plaintiff did not provide Amazon with the completed documentation until mid-May. At that time, Plaintiff's doctor advised that she could return to work, but that she could not be in any refrigerated or cold environments, indefinitely. Facility management advised that they could not accommodate Plaintiff because the items in the freezer represented a high percentage of daily volume of Plaintiff's position and the site utilized an automated assignment system. Amazon offered Plaintiff a transfer to a non-grocery facility, but she rejected that opportunity, stating that she preferred to work at her home site.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

JOINT REPORT
CASE NO. 2:23-CV-02221-RGK-MAA

In mid-September 2022, Plaintiff returned to work with an accommodation in place on a trial basis. In order to determine if the site could permanently accommodate Plaintiff, Defendant requested information from Plaintiff's health care provider concerning her restrictions and limitations, including the temperature range in which she could work, whether additional personal protective equipment or breaks would enable her to work in cold environments, etc. Plaintiff continually delayed providing this documentation. After months of delay, Plaintiff provided an updated note from her doctor, stating only that "it is recommended that patient keeps her hands warm."

In January 2023, while still being accommodated, albeit without the requested required medical information, Plaintiff resigned. Although Plaintiff claims she was forced to quit because she was not provided with shifts, all shifts were posted and selected by employees, including Plaintiff, via an App, and, therefore, Plaintiff was subject to the same scheduling procedures as other employees.

## II.   SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and involves citizens of different states. Plaintiff is a citizen of California, while Defendant is a limited liability company organized under the State of Delaware, with its principal place of business in Seattle, Washington.

## III.   KEY LEGAL ISSUES

Plaintiff's Position:

The principal issue in this case is whether AMAZON discriminated against Plaintiff on the basis of her disability by failing to reasonably accommodate Plaintiff's medical restrictions after she requested an accommodation and whether the and whether the adverse employment actions, including the Termination, were

retaliatory and/or discriminatory.

Defendant's Position:

The issues in this case include the following:

a) Whether Plaintiff can plead sufficient facts to state plausible claims for relief under the California Fair Employment and Housing Act ("FEHA");

b) Whether Plaintiff's alleged disability was a substantial motivating factor in any purported adverse action;

c) Whether Defendant failed to reasonably accommodate Plaintiff;

d) Whether accommodating Plaintiff would have created an undue hardship;

e) Whether Defendant failed to engage in the interactive process;

f) Whether Plaintiff failed to engage in the interactive process;

g) Whether Plaintiff was qualified to remain on the job given that she refused an effective accommodation

h) Whether Defendant failed to prevent discrimination;

i) Whether Defendant retaliated against Plaintiff;

j) Whether Defendant intentionally created or knowingly permitted working conditions to exist that were so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign and whether Plaintiff resigned because of these alleged working conditions;

k) Whether and to what extent Plaintiff may recover damages; and

l) Whether Plaintiff failed to mitigate her alleged damages.

## IV. DAMAGES

Plaintiff is seeking in excess of * INSERT in compensatory damages in addition to medical and related expenses, attorneys' fees and costs, an award of punitive damages.

Defendant denies that Plaintiff is entitled to any damages or other relief whatsoever.

/ / /

## V. INSURANCE

Defendant has no relevant insurance.

## VI. MOTIONS SEEKING TO ADD OTHER PARTIES OR CLAIMS, FILE AMENDED PLEADINGS, OR TRANSFER VENUE

The parties do not anticipate adding other parties or claims, nor do they anticipate filing amended pleadings or any motion to transfer venue.

## VII. DISCOVERY AND EXPERTS PURSUANT TO RULE 26(F)

### A. Status of Discovery

The parties have not yet engaged in discovery.

### B. Discovery Plan

*A detailed discovery plan, as contemplated by Rule 26(f), including the identity of all anticipated deponents and dates by which their depositions are to be completed (if possible), anticipated written discovery requests, including requests for admission, document requests, and interrogatories, and a schedule for completion of all discovery. State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed and whether discovery should be conducted in phases or limited in some manner, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. Please note that a statement to the effect that discovery will be conducted as to all claims and defenses, will not satisfy this requirement.*

The parties anticipate using all discovery allowed under the Federal Rules of Civil Procedure.

The parties agree to enter into a stipulated protective order on confidentiality designations. The parties will negotiate the terms for a stipulation for a protective order, which will apply to any documents produced or exchanged in this matter and appropriately designated as confidential.

Pursuant to Federal Rule of Evidence 502, the parties agree that if any

documents subject to a claim of privilege or protection are inadvertently produced, such an inadvertent disclosure shall not operate as a waiver in a Federal or State proceeding, provided that the elements of Federal Rule of Evidence 502(b) have been met.  The parties request that the Court include in its Scheduling Order, pursuant to Federal Rules of Evidence 502(d) – 502(e), an order that the privilege or protection is not waived by disclosure connected with the litigation pending before the Court.

The parties currently do not anticipate any issues relating to disclosures or discovery of electronically stored information ("ESI").  To the extent ESI is discoverable, and as limited herein, the production of ESI shall be limited to non-searchable PDF or TIFF format only, at the choice of the producing party.  The parties will confer regarding appropriate search terms, date ranges, and the number and identity of key custodians prior to propounding any ESI discovery.  The parties acknowledge that the collection and review of ESI may take several weeks before any responsive ESI is produced in discovery.

The parties agree that there is no need to preserve nor are the parties entitled to discovery of ESI that is "not reasonably accessible." ESI that is "not reasonably accessible" includes, but is not limited to, fragmented data, deleted data, and back-up information and tapes.  The parties agree that if "not reasonably accessible" data is sought then the party requesting the ESI at issue shall bear the costs of the production thereof.

The parties have agreed to a maximum of 10 depositions by each party.  Depositions shall not exceed the 7-hour limit as specified in Federal Rule of Civil Procedure 30(d) unless extended by mutual agreement of the parties or order of the Court.  Defendant specifically reserves the right to examine Plaintiff in excess of 7 hours, if necessary and, if so, will attempt to meet and confer with Plaintiff regarding same, before requesting the assistance of the Court by motion.  The parties agree to meet and confer in good faith should any party find it necessary to

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

7

JOINT REPORT
CASE NO. 2:23-CV-02221-RGK-MAA

modify Federal Rule of Civil Procedure 33(a).  Either party may thereafter make a request to the Court for additional interrogatories.

The parties agree that this is not a complex case, and the procedures for the Manual for Complex Litigation should not be utilized.

Subjects of Discovery: Discovery will be needed on the following subjects, but expressly is not limited to those subjects: Defendant intends to conduct discovery in relation to its affirmative defenses. Defendant also intends to conduct discovery related to Plaintiff's allegations, including but not limited to Plaintiff's job duties, alleged disability, medical condition(s), working conditions, leave(s) of absences, accommodations, resignation, communications with Amazon, and Plaintiff's allegations of emotional distress and alleged damages.

### C. For Plaintiff:

Plaintiff will conduct written discovery regarding her claims, including without limitation seeking the production of Defendant's applicable policies and procedures, Plaintiff's personnel file and investigative file.  Plaintiff will also take the depositions of various individuals, including, without limitation, co-workers, supervisors, decision-makers and/or human resources personnel.

### D. For Defendant:

Defendant intends to conduct discovery regarding Plaintiff's allegations and claims in her Complaint and Defendant's defenses.  Defendant intends to propound written discovery on Plaintiff and intends to take Plaintiff's deposition after receiving responses to its discovery requests.  Defendant may depose additional witnesses and may seek third-party discovery.

### E. Expert Disclosures

The parties will make expert disclosures per Code.

### F. Date for Exchange of Initial Disclosure

The parties exchanged initial disclosures as required by FRCP Rule 26(a)(1) onApril 17, 2023.  The disclosures contained the information identified in FRCP

Rule 26(a)(1) and shall be supplemented as required by FRCP Rule 26(e)(1). The parties did not exchange copies of documents in the Initial Disclosures. Rather, these documents will be exchanged in discovery.

## VIII. MOTIONS

Defendant anticipates filing a motion for summary judgment or partial summary judgment, as well as discovery motions and pre-trial motions as required.

### A. Dispositive Motions

*A description of the issues or claims that any party believes may be determined by motion for summary judgment or motion in limine.*

Defendant asserts that the allegations raised in Plaintiff's Complaint lack merit and anticipate that Plaintiff's testimony and responses to written discovery will not support Plaintiff's claims as a matter of law. Defendant believes the issues identified in Section III above may be determined by summary motion.

## IX. SETTLEMENT

*A statement of what settlement discussions or written communications have occurred (excluding any disclosure or discussion of the substantive matters or terms discussed) and a statement pursuant to Local Rule 16-15.4 about selecting a settlement mechanism under that Rule. In light of the Court's participation in the ADR Program, no case will proceed to trial unless all parties with full authority to settle the case – including, as to each corporate party, an officer who has such authority – have appeared personally at a settlement conference. The Court will discuss the proposed ADR procedure with the parties at the time of the Scheduling Conference and will issue the ADR-12 order once the settlement method is selected. For information about the Court's ADR Program, review General Order 11-10, which is located on the "ADR" page of the Court's website.*

The parties discussed possible resolution of this matter prior to the filing of this action, and then again immediately following the removal of the action. The parties believe they are close to reaching a settlement.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

JOINT REPORT
CASE NO. 2:23-CV-02221-RGK-MAA

## X. MEDIATION

The parties met and conferred as to ADR on April 17, 2023, but at this time believe it is premature to commit to an ADR process. Defendant is amenable to the use of any of the available ADR Procedures.

## XI. TRIAL COUNSEL

For Plaintiff: Marina Kats Fraigun

For Defendant: Barbara Fitzgerald and Tuyet Nguyen Lu.

## XII. INDEPENDENT EXPERT OR MASTER

This case will not require the appointment of a Master pursuant to Rule 53 or an independent scientific expert.

## XIII. OTHER ISSUES

*A statement of any other issues affecting the status or management of the case (e.g., unusually complicated technical or technological issues, disputes overprotective orders, extraordinarily voluminous document production, non-English speaking witnesses, ADA related issues, discovery in foreign jurisdictions) and any proposals concerning severance, bifurcation or other ordering of proof.*

None at this time.

## XIV. PROPOSED DATES

a. FRCP 26(f) initial disclosures: Completed on April 17, 2023

b. Cut-off for filing motions to amend the pleadings: April 24, 2023

c. Non-expert discovery: November 14, 2023

d. Last day to file motions including dispositive motions (except motions in limine): November 28, 2023

e. Expert disclosures: November 22, 2023

f. Production of expert materials: November 22, 2023

g. Counter designation of experts: December 19, 2023

h. Expert discovery cutoff: January 9, 2024

i. Last day to file motions *in limine*: January 9, 2024

j.  Final pretrial conference: February 6, 2024

k.  Trial: February 20, 2024

l.  Anticipated Length of Trial: 5-7 days

m.  Jury Plaintiff has demanded a jury trial.

## XV. OTHER MATTERS AFFECTING STATUS

a.  The parties currently do not anticipate any issues regarding claims of privilege of trial-preparation material.

b.  The parties do not anticipate a need for limitations on discovery.

c.  The parties do not anticipate a need for any other orders.

d.  The partiesare amenable to ADR but have not reached an agreement on the specific process.

e.  The parties have agreed to a trial date of no sooner than February 20, 2024.

Dated: April 27, 2023   FRAIGUN LAW GROUP

By  /s/ *Marina Kats Fraigun*
     (as authorized on 4/27/23)
Marina Kats Fraigun

Attorneys for Plaintiff
DYANNA GREEN

Dated: April 27, 2023   MORGAN, LEWIS & BOCKIUS LLP

By  /s/ *Barbara A. Fitzgerald*
Barbara A. Fitzgerald
Tuyet T. Nguyen Lu

Attorneys for Defendant
AMAZON.COM SERVICES LLC